UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                     Plaintiff,

  -against-

SOMTUM DER NYC INC.
and PSA 85 AVENUE A ASSOCIATES, L.P.,

                     Defendants
------------------------------------------------------------x

Caso No.  1:26-cv-1223

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Somtum Der NYC Inc. and PSA 85 Avenue A Associates, L.P. (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.    This action arises from ongoing disability discrimination at defendants' place of public accommodation. Plaintiff seeks declaratory, injunctive, and equitable relief, together with damages, attorney's fees, costs, and expenses, to remedy defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the New York City Administrative Code § 8-107. Defendants own, lease, lease to, operate, and/or control a public accommodation that fails to comply with these laws. Defendants are responsible for the acts and omissions of their employees and agents in connection with the discriminatory conduct alleged herein.

2.    Defendants elected to disregard clear accessibility mandates governing places of public accommodation, prioritizing financial considerations over compliance. In doing so, defendants effectively excluded individuals with disabilities from equal participation. This action seeks to correct that exclusion by requiring defendants to bring their facility into compliance so plaintiff may enjoy the same access afforded to non-disabled

1

patrons.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions involving the deprivation of plaintiff's rights under the ADA. The Court also has supplemental jurisdiction over plaintiff's related state and local law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory acts occurred in this District and the place of public accommodation at issue is located here.

## PARTIES

5. Plaintiff is, and at all relevant times has been, a resident of New York County, New York.

6. Plaintiff uses a wheelchair as a result of a severe spinal injury sustained from a gunshot wound at age thirteen. This injury substantially limits his ability to walk and restricts his range of motion.

7. At all relevant times, defendants owned, leased, operated, controlled, and/or managed property located at or about 85 Avenue A, New York, New York, referred to herein as the Premises.

8. Each defendant conducts business in the State of New York.

9. At all relevant times, defendants operated a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Each defendant qualifies as an owner, lessor, lessee, operator, or controller of a place

of public accommodation within the meaning of 42 U.S.C. § 12181, 28 C.F.R. § 36.104, Executive Law § 292(9), and Administrative Code § 8-102(9).

11. The Premises is a place of public accommodation because it is a privately operated facility affecting commerce within the meaning of the ADA and corresponding state and local statutes.

12. Architectural barriers at the Premises impede and restrict access by plaintiff, a person with a disability.

13. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993.

14. Upon information and belief, defendants performed alterations to the Premises after January 1992, including alterations affecting areas connected to or serving the Premises.

15. Upon information and belief, additional alterations were made to the Premises after January 1992.

16. Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design for alterations prior to March 15, 2012 or the 2010 ADA Standards for Accessible Design for alterations on or after March 15, 2012. In either case, the only permissible defense is technical infeasibility. To the extent altered areas fail to conform to the applicable standards, they remain in violation of Title III.

17. Plaintiff regularly travels throughout New York City and frequently visits the

neighborhood where the Premises is located.

18. Although paralyzed from the waist down, plaintiff is able to travel independently using a vehicle equipped with hand controls.

19. Plaintiff visits the surrounding area for routine activities such as dining, socializing, shopping, and spending time with family and friends.

20. On or about November 4, 2025, plaintiff sought to visit the Premises to dine and experience authentic Thai cuisine, including the somtum.

21. Physical barriers prevented plaintiff from entering the Premises, and plaintiff is aware those same barriers continue to exist.

22. Plaintiff encountered substantial steps at the main entrance without any accessible means to request assistance from inside.

23. This experience caused plaintiff embarrassment and a sense of exclusion.

24. Plaintiff intends to return to the Premises once it is made accessible.

25. Defendants' facility is located less than one hour from plaintiff's residence.

26. The services, features, and spaces at the Premises are not readily accessible to or usable by plaintiff as required by the ADA Accessibility Guidelines codified at 28 C.F.R. Part 36, Appendix A, as adopted in the 1991 Standards and revised in the 2010 Standards.

27. Because of defendants' noncompliance with federal, state, and local accessibility requirements, plaintiff has been denied safe, equal, and full access to the Premises.

28. The Premises has not been designed, constructed, or altered in accordance with the 1991 Standards, the 2010 Standards, the New York City Administrative Code, the New

York City Building Code, or the 2014 New York City Construction Code.

29.     Barriers that plaintiff encountered, and barriers that continue to deter plaintiff from accessing and enjoying the Premises, include the following conditions, among others.

30.     The primary entrance to the Premises is inaccessible. An accessible route to the establishment is not provided, an accessible means of egress is not provided, and existing steps at the entrance function as a physical barrier. No compliant ramp or equivalent accessible solution is provided to overcome the change in level. Under 28 C.F.R. Part 36, including §§ 36.401, 36.402, and the 2010 ADA Standards §§ 206, 303, 402, 404, 405, and 406, at least one accessible route must connect public streets and sidewalks to an accessible entrance, entrances must be located on an accessible route, doors and gates must comply with operability requirements, and changes in level greater than one half inch must be ramped or otherwise made accessible. The failure to provide a compliant accessible route and entrance denies wheelchair users equal access to the facility.

31.     Dining tables within the interior dining area are not accessible. Required knee and toe clearance is not provided, and the minimum percentage of dining surfaces required to be accessible is not met. Under 28 C.F.R. Part 36 and the 2010 ADA Standards § 226 and § 902, at least five percent of dining surfaces must comply with accessibility requirements, including clear floor space under § 305 and knee and toe clearance under § 306. The absence of compliant clearances prevents wheelchair users from positioning themselves at dining surfaces in an integrated manner.

32.     The restroom door hardware includes a lock or operable component mounted outside the permissible reach range. Under 28 C.F.R. Part 36 and the 2010 ADA Standards § 309.4, operable parts such as handles, pulls, latches, and locks must be located between 34 inches minimum and 48 inches maximum above the finished floor and must be operable with

one hand without tight grasping, pinching, or twisting of the wrist. The noncompliant mounting height renders the hardware inaccessible to wheelchair users.

33. A coat hook located in the restroom is mounted outside the allowable reach ranges. Under 28 C.F.R. Part 36 and the 2010 ADA Standards § 308, elements intended for user reach must fall within specified forward or side reach limits depending on the presence of obstructions. A coat hook mounted above those limits is not usable by individuals with mobility impairments who rely on seated reach ranges.

34. The grab bar at the rear wall of the restroom water closet does not meet the minimum dimensional requirements. Under 28 C.F.R. Part 36 and the 2010 ADA Standards § 604.5, a rear wall grab bar must be at least 36 inches long and extend the required distances from the centerline of the water closet to provide proper support. A noncompliant grab bar reduces safety and usability for individuals transferring to and from a wheelchair.

35. The foregoing list is representative and not exhaustive of all accessibility barriers present at the Premises.

36. Upon information and belief, a comprehensive inspection of the Premises would reveal additional conditions that fail to comply with accessibility requirements.

37. To fully remedy defendants' discriminatory conditions and to avoid piecemeal litigation, plaintiff requires a complete inspection of the Premises to identify all areas of noncompliance. Plaintiff therefore gives notice of his intent to amend this pleading to include additional violations discovered through inspection.

38. Defendants have denied plaintiff the full and equal opportunity to participate in and benefit from the goods, services, facilities, privileges, and advantages offered at the Premises because of disability.

39. Defendants have failed to adopt and implement policies, practices, and procedures that ensure accessibility for persons with disabilities and have not provided reasonable modifications or accommodations necessary to afford equal access.

40. Plaintiff faces a real and continuing threat of discrimination arising from defendants' ongoing noncompliance. The barriers described above remain in place and continue to deter plaintiff.

41. Plaintiff regularly travels to the area where the Premises is located.

42. Plaintiff intends to patronize the Premises in the future once the barriers are removed and accessibility is achieved, and he looks forward to enjoying the goods and services offered there on equal terms.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

43. Plaintiff repeats and realleges all prior allegations as though fully set forth here.

44. Plaintiff is substantially limited in the major life activities of walking and bodily movement and therefore is an individual with a disability within the meaning of the ADA. As a direct consequence of his disability, plaintiff relies on a wheelchair for mobility and experiences restricted range of motion.

45. The ADA imposes joint and several liability on owners and operators of places of public accommodation. Under 28 C.F.R. § 36.201(b), both property owners and lessees share responsibility for compliance, and contractual arrangements between them do not eliminate or transfer liability to avoid statutory obligations.

46. Defendants have denied plaintiff full and equal enjoyment of their place of public accommodation because of disability. Their conduct and policies have resulted in unequal treatment and have had a disparate impact on plaintiff.

47. By maintaining a facility that does not comply with accessibility requirements, defendants communicate to individuals with disabilities that they are unwelcome or disfavored patrons.

48. Defendants designed, constructed, altered, and/or maintained a place of public accommodation that is not readily accessible to and usable by plaintiff, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401.

49. Defendants' facility fails to provide an integrated and equal environment for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

50. Following alterations to the Premises, defendants did not ensure accessibility to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

51. Defendants also failed to make required accessible paths of travel to altered primary function areas, in violation of 28 C.F.R. § 36.403.

52. Under 28 C.F.R. § 36.406, facilities and elements that do not comply must be brought into conformance with the applicable ADA Standards. Defendants have not done so.

53. Defendants failed to remove architectural barriers where removal is readily achievable, in violation of 28 C.F.R. § 36.304. Making the Premises accessible is readily achievable.

54. By failing to remove those barriers, defendants discriminated against plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv), as implemented by 28 C.F.R. § 36.304.

55. In the alternative, defendants did not provide reasonable alternative methods to make their goods and services available where barrier removal was not accomplished, in violation of 28 C.F.R. § 36.305.

56. Defendants' continued inaccessibility reflects a pattern and practice of discrimination prohibited by 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

57. Through the maintenance and operation of an inaccessible facility, defendants continue to violate plaintiff's rights under the ADA.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

58. Plaintiff repeats and realleges each prior allegation as if fully stated here.

59. Plaintiff's medical conditions, individually and collectively, substantially interfere with normal bodily functions, including walking and range of motion. Plaintiff therefore is a person with a disability within the meaning of New York Executive Law § 296.

60. Defendants have denied plaintiff equal access to their place of public accommodation because of disability and have subjected plaintiff to disparate treatment.

61. By maintaining and operating an inaccessible public accommodation, defendants violated Executive Law § 296(2). Each defendant participated in, facilitated, or aided and abetted the discriminatory conduct.

62. Defendants did not undertake all readily achievable measures necessary to remove accessibility barriers, in violation of Executive Law § 296(2)(c)(iii).

63. In the alternative, defendants failed to provide reasonable alternative methods to ensure access where barriers remained, in violation of Executive Law § 296(2)(c)(iv).

64. Making the Premises accessible is readily achievable.

65. Providing accessibility would not impose an undue burden or hardship on defendants.

66. As a direct and foreseeable result of defendants' unlawful discrimination, plaintiff has experienced emotional harm, including humiliation, embarrassment, stress, and anxiety.

67. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

68. Plaintiff repeats and realleges all prior allegations as though fully set forth here.

69. Plaintiff's medical impairments substantially affect bodily systems, including walking and range of motion, and therefore constitute a disability within the meaning of Administrative Code § 8-102.

70. The Local Civil Rights Restoration Act of 2005 clarified that the New York City Human Rights Law must be interpreted independently and liberally to accomplish its broad remedial purposes, regardless of how similar federal or state statutes are construed. Accordingly, the protections afforded to plaintiff are to be applied expansively.

71. Defendants have denied plaintiff the accommodations, advantages, facilities, and privileges of their public accommodation because of disability, resulting in both disparate treatment and disparate impact, in violation of Administrative Code § 8-107(4). Each defendant participated in or aided the discriminatory conduct.

72. By designing, creating, maintaining, and operating an inaccessible commercial space, defendants violated Administrative Code § 8-107(4).

73. Defendants have directly and indirectly refused and withheld equal access to the Premises because of disability, further violating Administrative Code § 8-107(4).

74. Defendants' maintenance of an inaccessible public accommodation also violates Administrative Code § 8-107(4) and Local Law 58.

75. As a direct consequence of defendants' unlawful conduct, plaintiff has suffered emotional distress, including humiliation, stress, and embarrassment, and continues to experience those harms.

76. Upon information and belief, defendants' long-standing failure to provide accessibility was deliberate, calculated, and carried out with reckless disregard for plaintiff's rights under the Administrative Code.

77. By ignoring accessibility mandates for years, defendants conveyed to individuals with disabilities that they are unwelcome patrons.

78. Defendants' conduct reflects willful or reckless disregard of plaintiff's rights and supports an award of punitive damages pursuant to Administrative Code § 8-502.

79. By operating a noncompliant facility while avoiding the expense of accessibility compliance, defendants obtained unlawful financial benefit. Those profits, together with interest, should be disgorged.

80. Plaintiff has suffered damages and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

81. Plaintiff repeats and realleges all prior allegations as though fully set forth here.

82. Defendants' conduct constitutes unlawful disability discrimination under New York law. As a result of that discrimination, plaintiff is entitled to recover the statutory penalties authorized by New York Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

83. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

84. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

85. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

86. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

87. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the**

       **defendants to provide a plan for compliance**;

iii.    Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.    Award of compensatory damages in an amount to be determined at trial;

v.    Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.    Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.    Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.    For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: February 13, 2026

    Manhasset, New York

                                                      Respectfully submitted,

                                                      **GABRIEL A. LEVY, P.C.**
                                                      Attorney for Plaintiff
                                                      1129 Northern Blvd, Suite 404
                                                      Manhasset, NY 11030
                                                      (347) 941-4715

                                                      **By:** /s/ Gabriel A. Levy, Esq.
                                                      **GABRIEL A. LEVY, ESQ (5488655)**
                                                      Glevy@glpcfirm.com